Caruthers, J.,
delivered the opinion of the Court.
This bill was filed by the complainant as widow of Siremus W. Boyer, against G. M. Boyer, his only heir, and Bradley, the purchaser, at a trust sale of the land, to recover her dower in the same. The facts are these:
In December, 1856, the deceased husband executed a deed of trust upon the land to secure a debt of $6,000, due one year after that time, with power to sell in case of failure to pay. Ho married complainant in April, 1857, and died September, 1859. After that, the land was sold for the satisfaction of the debt secured by the deed, and bought by the defendant Bradley. Under these facts has she a right to dower as against Bradley?
She certainly has not, unless her case is embraced in the act of 1855-6, Code, 2399; for before that our decisions *14 clearly excluded her right. We understand the latter to contain in a condensed form the substance of the cases of the former. This act changes the previous law so as to give a widow dower in lands “mortgaged or conveyed in trust to pay debts” where the “husband” dies before foreclosure or sale.
. But the question here is, whether lands mortgaged before the marriage, but not sold till after the death, are m braced by this act, or does it apply only to cases where the mortgage is made during coverture. We think the latter is clearly the proper construction. We have no decisions on the point, but in the “History of a Lawsuit,” 417, this construction is given to the act. It must be so upon principle. Dower is an interest that originates after the marriage. It is inchoate during the coverture, and not consummate till the death of the husband, 4 Kent., 50„ It is a right which only attaches upon the marriage. Before it attached or originated there, in this case, the title had passed out of the husband and vested in another. Nothing remained in him but the right of redemption. That could only apply to the surplus after satisfying the debt for which it was bound. The right of dower can only extend to one-third of this interest. The fixed and vested right of the trustee for the benefit of the creditor cannot be impaired by posterior events. The case provided for by the Statute is altogether different. That is the protection of the inchoate right of the wife against the subsequently created right of the mortgagee. Before this act the law gave the preference to the latter over the former, but by it their positions were reversed. That is all the change intended to be made. This change only relates to conveyances of that character made by the *15 husband, not by one who was afterwards to become.such. It only applies to lands owned after the marriage and conveyance by husbands.
The Court below thought differently, and overruled the demurrer to the bill.
His decree must be reversed, and the bill dismissed.